Please rise. The Honorable Judge of the United States Court of Appeals for the 3rd Circuit. The Honorable Judge of the United States Court of Appeals for the 3rd Circuit. The Honorable Judge of the United States Court of Appeals for the 3rd Circuit. The Honorable Judge of the United States Court of Appeals for the 3rd Circuit. Your Honor, my name is Robert King and I'm here representing the appellant on issues concerning whether or not Section 402A, Strict Liability, may be applied to rental car companies. In 1982, the District Court of the Virgin Islands, Judge Christian Sitting, decided the case of Pines v. American Motors. That case relied specifically on the language of Section 402A in stating that strict liability only applied to sellers in the ordinary course of business. You're representing the three or four plaintiffs in the case? Yes, I am. Do you not have an initial or threshold problem with standing third-party beneficiaries? Not under the strict liability, no. Not under the rental agreement? Your Honor, the rental agreement itself only- Well, I'll do that. It just didn't seem to make sense. Whichever way Your Honor wants me to argue it, I'll argue it. First of all, you had a rental contract where you had Mr. Franklin Barnabas. Yes, Mr. Franklin Barnabas who rented an automobile here in St. Thomas. That rental agreement provided that the renter of the automobile would be responsible and he is the only authorized driver of the vehicle. It defines what basically an authorized driver is. An authorized driver was a person who signed the rental contract. The authorized driver had specific rights under the rental agreement. None of your plaintiffs were authorized drivers under the agreement? Absolutely. Not within the meaning of what authorized drivers said that they were under that contract. They were, however, the only driver, the person who was driving Ms. Banks was the sister-in-law of Mr. Barnabas. She was driving with his permission but was not an authorized driver under that contract. That is without question. She was not an authorized driver under that contract. If the third restatement applies, does it matter whether or not your clients were authorized, whether or not the driver was an authorized driver under the contract or do we just get into the ultimate user issue? No, it doesn't. It doesn't matter at all. The reason why it doesn't matter is that authorized driver under the rental contract had very specific meanings. The authorized driver under the rental contract merely meant that if you were authorized and you obtained insurance from Budget Rent-A-Car, then you would not be absolutely liable for any damages that you caused to the vehicle. Wouldn't that defeat your contract claim of the persons who were not authorized drivers under the rental agreement? The strict liability is a whole different issue, a much more difficult issue. In terms of the contract claim, isn't Judge Fuentes' question inappropriate? If you're not an authorized driver under the contract, how can you be a third party, an intended beneficiary under the contract? I don't think you ever get to intended versus unintended beneficiary under the contract. I think under the formulation of the Uniform Commercial Code as it exists in the Virgin Islands, that once you had the rental agreement, that anyone who was likely to be harmed or likely to use the rental vehicle, be it as a passenger, be it as an additional driver, that person would be covered by any warranties that would follow. But that's because of the language that says you can't restrict or limit warranties by contract. That's correct. But if the person doesn't qualify under the contract anyhow, that doesn't extend. In other words, there are two ways to look at that. One is that language can be viewed as saying if the person qualifies as a beneficiary, if the person has a right to bring some kind of contractual claim, that person cannot have his or her warranties limited by contract. That's one way to look at it, and that seems to be the logical way. You're arguing that it's broader than that. It means that a person cannot have the implied warranty or express warranty limited by contract, even if they don't otherwise qualify as a beneficiary under the contract. That is correct. That's a very broad reading. Exactly. And it's read that way because of the language that's contained in that section of the Uniform Commercial Code. Is your best argument that the passengers were intended beneficiaries? Yes, Your Honor. No. Is that the best argument in the appeal? No. No, it's not. For the standing issue with regard to the third-party beneficiary? Yes, Your Honor. It is. So, intended beneficiary. Now, this is a minivan. Yes, it is. Supposing the minivan is going down any highway or road in St. Croix and strikes a bystander. Is a bystander an intended beneficiary? Well, it doesn't have to be. When I say intended, it has to be. When I look at the term intended, I look at it as meaning any person who can be harmed by the operation of this vehicle, including the bystander. So, you run over a pedestrian on a crosswalk. That person can sue budget. That's correct, Your Honor. How far does this go now? You can't cut it off at any one point? Anyone who can be injured by that vehicle suddenly becomes a plaintiff against the car rental company? I believe that's precisely what that section says, Your Honor. I don't think that's a little too broad a reading of that statute. No, I don't. And the policy implications of that. Following up on that, if the car is driving down the street and a hubcap flies off and hits somebody who is standing 75, 80 feet away from the highway, that person becomes a beneficiary under the rental agreement. One, logically that seems to really stretch it. And two, the policy implications of that seems to me it would drive the cost of renting a car so high that nobody could afford a rental car because the risk is always going to be borne by. . . You can't limit the risk. There's no way that a rental company can limit risk that is that broad if that's what the UCC means. I'm not sure it does mean that. Well, I understand what Your Honor is saying, but I also think that you have to look at this on a case-by-case basis. And that is, sure, at some point in time, we get to be so far afield until we say there has to be a point at which we stop. Well, yeah, the problem is that we have to craft a decision in the case, and how far does it go? What is the rule of reason or the rationale that we're going to adopt here? Should we not limit intended beneficiaries to users of the vehicle or drivers and passengers of the vehicle? Can we not say that's what intended beneficiaries mean? For purposes of my case, Your Honor, yes. Yeah, I guess we can say anything we want. We've got to get it past our colleagues, though. We've got to get a majority of them to sign on to it. It's got to make sense. And Judge McKee's note about policy implications is quite right. How far do you go? So isn't there a limit that we ought to place on the reading of the statute? Yes, there is. Go ahead. What that limit is, Your Honor, I'm not certain. As long as we, from your standpoint, as long as we include the passengers. Yes, as long as you include the passengers, the driver. You're quite content. I'm quite content. But I understand what Your Honor is saying, and I agree with Your Honor. But I don't know where that line is to be drawn under the facts of this case or under any individual case unless I hear those facts. And at some point in time, it will violate my sense of reality and my sense of right and my sense of justice as to how far this thing can be extended. But it certainly doesn't do that by applying it to passengers of an automobile. Your driver was not an authorized driver, although he may be a friend of the authorized driver. What if this vehicle had been stolen and the driver was a thief? I'd say it wouldn't apply. Why? What's different? Neither one of them are authorized drivers under the contract. Well, that's a different story. It's more than just an unauthorized driver. It's a thief. And what you're talking about is when you're talking about unauthorized driver, you're talking about two different definitions of an unauthorized driver. You're talking about an unauthorized driver as defined by the contract. Then you're talking about an authorized driver who doesn't meet the definition under the contract but is, in fact, authorized by the lessor of the vehicle. Now, that's something different from a thief. I don't understand. Supposing Ms. DeWitt, who was given permission to drive the car, supposing she stole the car or stole the van, she's the thief, with your clients in the vehicle and the accident occurs. Your clients have a claim? I think my clients would still have a claim. Are they intended beneficiaries? I believe that my clients would still have a claim. Under those circumstances, even though the driver was not authorized, under any circumstance, not authorized by the rental car agreement, not authorized by the renter, I still believe that the strict liability claims of the passengers would still prevail. In your analysis, it does not make any difference that Ms. DeWitt was given permission to drive the car or may not have been given permission to drive the car. That's correct. It's all the same to you. The passengers were intended beneficiaries. That's correct. So you never have an incidental beneficiary? I'm sorry? Under your theory, you never have an incidental beneficiary of the contract? Well— All persons who have any relationship with the car, inside the car, become— Well, you said the thief. You talked about the thief. Yeah, the thief would be an incidental, if anything, and not intended at all. Would it be anyone else? Does it include anyone else? Well, it's the terminology of torts and contracts, but it would certainly be a foreseeable use. It's certainly foreseeable that someone would steal the car and drive it. Exactly. Very foreseeable. And so why wouldn't the same policy consideration apply to the thief? If the manufacturer and the lessor know that this car could be driven by a thief. And let's assume that the person who's driving the car who's injured, that it is not the driver thief, but somebody who's an innocent bystander. So the driver of the car who's a thief hits the brakes, brakes fail, plows into a pedestrian. Insofar as the pedestrian is concerned, the pedestrian doesn't care whether or not— It's the stolen vehicle or not. The car was stolen. So there is really no incidental beneficiary then. One thing, maybe we can put five more minutes on the clock because we haven't addressed the issue of the restatement second versus the restatement third, which might be in terms of the jurisprudence of the Virgin Islands, a much more meaningful issue. And I wanted to make sure we have time for that. Yeah. And I'll go to that if you're honest with me. Okay. Let me ask this, and I'll ask it to both counsel. What would be your feeling— I know there's no certification procedure in place yet because the Virgin Islands Supreme Court is so new. If, and I don't know if they'd be willing to take it or not, but if we could work out some arrangement where we could certify the question to the Virgin Islands Supreme Court of whether or not the second restatement or the third restatement controls, would you have any objection to that? And then whatever they resolve, however they answer that question, we would then take their answer, apply it to this case, and decide it based upon the V.I.A. Supreme Court. I don't have a real problem with that, but I don't think that that's necessary because I think we prevail, and this appeal prevails on behalf of appellants, whether or not 402A applies or whether we use the restatement third. Help me understand. How could you possibly appeal under 402A? Well, if you look at Pines and you look at the decisions that were within this circuit after Pines, Pines went specifically to the language which said that it applies to sellers of vehicles. In other words, whether it's strict liability or breach of contract theories, you went under both. I believe so. But if Your Honor said you wanted to certify because we now have a Supreme Court— Regardless of the Supreme Court's decision, whether it's strict liability or fines, which is the strictest standard, you say, that's even better for you. Exactly. We wouldn't certify, and we haven't discussed this. Maybe our colleagues would disagree. I'm not sure I see a need to certify the contract question. We'd be certifying the restatement. Yeah, the restatement. I thought the restatement question was particularly interesting, and it was particularly interesting because of the court's analysis in that Mann-Bodd case that's cited in our brief. It doesn't adopt what I put forward. What I initially put forward is that the restatement, third, as the latter expression, would control. I don't particularly buy that anymore now that I've been reading more and more since then because the legislature of the Virgin Islands did not abdicate its responsibility to amend the law and to change the law, and it didn't give it to the American Law Institute. I believe that Mann-Bodd was correct in the sense that the judge said that you can change the law by a couple different methods, and the way that you change the law is you have a court of appeals who looks at it, and they look at the state of the restatement, and they look at that and try to determine whether or not the restatement is the better expression of the law as it exists in this territory regarding products liability. That's not what the statute says. No. You took the statute at face value, and if it's not ambiguous, we have to do that. It does seem to suggest that the legislature of the Virgin Islands basically said that the statutory law here, absent local law to the contrary and whatever that may mean, is going to be determined by the American Law Institute. Yes. That's what it says. Sorry, I'm sorry. That's what it says, and it says that it's going to be determined by them. When I read that initially, my initial thought was, and this is not in my favor, but my initial thought was the letter in time must control since the restatements are the law of the Virgin Islands, and as the letter expression, the restatement third must control. If the restatement third must control, then the judge was wrong, and plaintiff must be allowed to proceed to trial under restatement third formulation. I've stepped back from that view, and I guess my stepping back from that view is because I've read a little more, and I'm a little bit more concerned with the cases that I've read, and looking at Mann-Bodd very closely, I find myself intellectually in agreement with what the judge said in that case. When I find myself in agreement with that, I can't very well represent something different to your honors. What I find is that when you look at the framework of, first of all, Mann-Bodd has one problem in it. It doesn't tell you how we ever got from the restatement of torts first to the restatement of torts second. It just skips all of that, and just makes an assumption that the restatement of torts second applies. That's a humongous gap in logic, and it's something that I have a hard time grasping. Did the first contain provisions concerning lease or lessee types of liability? Did the first have a provision that actually covered the circumstances like this? No, it didn't. It really didn't. My problem was that the restatement of torts second, when the court decided that case, it took a leap of faith and said, okay, the court adopted the restatement of torts second without any proof or any authority that said that that was true. It doesn't matter a whole lot because it has been adopted, right? In the second, we're sort of at the point. For the president, you're stuck with the second. It's sort of a fait accompli. They say it is, therefore it is. Let me ask you a question as a hypothetical. Supposing we were not to certify this case to the Supreme Court for a decision, you, of course, would prefer that you stay with the second, which imposes strict liability. Well, the second or third both impose strict liability. What I'm saying, Your Honors, is that you can – Yeah, yeah, yeah, it's a big difference. That's the problem. Well, it depends on the ultimate user. The second defines who is going to be strictly liable, and it does not include lessors in that group. All right, so you want to stay with the second. That was really my point. Well, no. What I want to do is stick with the one that will afford me to have strict liability against the lessors of vehicles. That's the third. That's both the second and the third. I want to help you. Have you help me understand how you get strict liability against a lessor under 402A, or maybe there's another provision. Yes, if Your Honor, it's not just the language of 402A. It's how that section has been interpreted by the courts in this circuit. The cases that are in this circuit have said that although the language says sellers in ordinary course, that the purpose of that statute and the reasoning behind it is that you want to place liability in the hands of those who are placing a defective product in the marketplace. And in doing that, to limit it to . . . What case are you referring to, Your Honor? I'm referring to Francione v. Gibsonia Trucking, 432 Pacific, 362, 1977. There is also Esconia v. Coca-Cola Bottling Company of Fresno. There is . . . And these are in your brief? Yes, they are. They're all cited in the brief, Your Honor. And that's the initial reason. I mean, I would foreclose myself under 402A. What happens if you can't go under 402A, then you have to go under some other theory of liability? I have . . . Culpability. That's correct. What would that be? It would either be warranty liability . . . Breach of contract. Warranty liability, or under that, or it would be the restatement of torts, third strict liability. Other than that, there's nothing. I'm still at a loss, Your Honor. I don't want you to be at a loss, Judge. It's costing me a life preserver. That's what I want to do. As to how you're gaining strict liability under 402A, you said Pacific second, but that's not going to be a Virgin Islands case. Let me . . . You've got a specific definition of a supplier of a product, and it specifically talks about manufacturers or sellers. It excludes a lessor. You've got a rental car company that is a lessor, and you're trying to get 402A to give you strict liability against a class of suppliers that is excluded by the text of 402A. Am I missing something here? Yes. What am I missing? You're missing . . . You're missing your very creative interpretation of the restatement, second. What am I missing? It's not just my creative interpretation, Your Honor. It's the interpretation, and it's the language, that's cited in my brief at page 8 and 9. But unless those are VI cases, then it seems to me that . . . They're not VI. They're not Virgin Islands cases.  Because the only real Virgin Islands case that we have in the area . . . Is Manba. Well, that's not . . . Manba doesn't really deal with that. What really deals with that is this Pines case. And the Pines case is clearly on point and clearly against me. But what I'm saying is that that case was wrong in its inception. It's wrong now. It has forever been wrong. And the only way that we're going to correct that wrong is to logically interpret the law as it should be interpreted. And that is to allow . . . That is the law according to Robert King. No, not just Robert King. Okay. Not just Robert King, but the majority of courts that have considered this matter, at least according to my research, agree with Robert King that strict liability should apply to lessors. Agreed, under the third restatement. No, not just the third restatement. Under 402A, Your Honor. But the third restatement explicitly . . . Explicitly. Explicit, and I love those resorts, right? Yes. And that's why you want us to adopt the third. Exactly. But under the second, lessors are not included. I'm not really . . . What's the point of the third? Isn't the third . . . Your Honor, I guess you're saying what the point of the third is. The third is designed, at least as I understand every portion as the restatement is written, it's designed to be a total rewriting of the common law as an expression of how it exists now versus how it existed in the past. The third explicitly mentions lessors. The second does not. I agree with that. I agree with that statement. What you want is to interpret . . . Both. To include the word lessors into the second. That's correct. You want to have it both ways. Exactly, Your Honor. Now we're together. You don't know my daughters by any chance. Probably. Probably. Let me ask you, which brings me back to the hypothetical I wanted to ask before. If this were not certified, if we were . . . Let's consider your argument that we should adopt the third. Can you . . . I mean, the third has been out there for some time, hasn't it? It's been out there for some time now. How much time? A quarter of a century? No, not the restatement third. The restatement third has only been out for about maybe six or seven years. In that time, can you give me an idea of all of the jurisdictions, in other words, the states that have looked at it and said, we don't like this, we're not going to adopt this? I can't off the top of my head. I can't do it off the top of my head. Can you tell me whether anyone else has said the third is good law and let's adopt this? Well, I'm sure and I probably should. Maybe your adversary can help you out with that. I'm just wondering how we can consider this to be a good policy or not good policy. Because it does impose liability on lease or strict liability, that's really a very strict burden for them to overcome. They are leasers after all. They didn't make the car. No, they didn't. They buy the cars from the manufacturer. All of a sudden, the brake fails. You've got to suit against budget. But budget is the one who leased it, put it in the market, put it in the hands of the consumer. But they're held accountable because the brakes in the car didn't work. And now you're imposing a requirement on leasers of cars to inspect the brakes to make sure the master cylinder, whatever it is, is properly manufactured? Well, it's more than that and it's even worse than that. Because the item in question was what's called a brake booster. It is not an item that is a maintenance item. It is an item that fails. Is it a self-contained item? It's a self-contained item. Well, whether it hurts me or doesn't hurt me, I've got to tell you you're on it. The one thing a periodic maintenance would address it, and you could logically say that, look, if you're going to be leasing cars, you've got a duty when the car comes back in to check it, make sure the brakes work, the tires are okay. But if you've got an item that was sealed by the manufacturer and now you're saying that the less so is responsible for that item just because it's there and not because they could have done anything to correct the problem, again, that seems to be extending liability pretty far. It may not make as much sense as, say, a bad brake pad where the less so should perhaps be on notice that brake pads wear over time. You've got to make sure the brake pads in this car are good. And if you don't replace the brake pads regularly, then you're responsible because the car basically is under your custody and control. This part is a different issue. That's absolutely true. Although troublesome, who should better bear the loss? The one who is putting it in the market, supplying it to the public, supplying it to consumers to use, or the ultimate consumer who's harmed by it? The manufacturer. You didn't sue the manufacturer. No, I didn't. I'm not sure why. No, I did not. I think it saves some time for rebuttal. I'm glad you go over it for quite a bit. Let's hear what Mr. Sanford has to say, and then we'll come back to you. Thank you. Good morning. My name is Michael Sanford. I represent International Rental and Leasing Corporation, DBA Budget Rent-A-Car. And you're going to give us the law according to Sanford. Okay. What flavor would the – are you looking at the strict liability? Logic's always kind of a nice flavor. It goes down easy. Nice flavor. Fair enough. But why shouldn't we – well, one, what is your view on certification? If the Supreme Court of Virginia would take the question. Your Honor, I'm aware of the issue of certification and that there are statutes in a lot of jurisdictions that allow federal telecourts to certify the matter to the highest Supreme Court of the state. I don't believe there are any laws, statutes in the Virgin Islands that allow them to do that. But I don't think certification is necessary here because in order for – basically what appellants are asking this court to do is to change the law. You just put the rabbit in the hat. If the law of the Virgin Islands is the restatement, absent local law to the contrary, and if the current restatement says that less oars are liable, then why isn't the legislative statute in effect in the Virgin Islands via Section 4, Title I of the Virgin Islands Code, the third restatement, which says that you're liable and there's no change of the law. In fact, Mr. King could very well argue that if we were to roll the clock back to the second restatement given Section 4, we would be changing the law. Because there's local law to the contrary, and that's what Judge Cabret specifically held in Manboat, that when courts of the Virgin Islands, when the Third Circuit in various cases adopted 402A as the law of the Virgin Islands with respect to strict liability and tort, that becomes local law to the contrary. And she specifically said that. And there's other cases that I cite in my brief. But that doesn't account for the operation of how Section 4 works in reality. If Section 4 – once you adapt the second restatement, Section 4 is still out there. If Section 4 is to be read literally, it would seem to me to suggest that the current restatement – it doesn't say current restatement, it says the rules of decision of the courts of the Virgin Islands, in which case it should be the law approved by the American Law Institute. But it says in the absence of local law or statute to the contrary. But why would it be necessarily – would you agree that decisional law is law and that it not necessarily is limited – Section 4 is not limited to statute? It includes – you'd agree to that? Several cases have said – several courts have said that. Judge Cabret in Manboat says that as well. Then why would that be local law to the contrary if you've got a statute which would control the decisional law, which basically would be interpreted on its face to apply to any change that the American Law Institute might make in its restatements? But if you read the entire section of one – the entire statute, one section, 1 B.I.C. Section 4, it says the restatements will be the law unless there is local law or statute, common law or statutory law in the Virgin Islands to the contrary. If there is that, you don't even get to the restatements. Does it include the decision of a trial court? Would that be local law to the contrary? It is local law to the contrary, but you don't have to – But does that mean that a decision of a trial court would control the decision of this court or the Virgin Islands Supreme Court because then you've got local law to the contrary. Given your interpretation of Section 4, the decision of a trial court would become the Supreme Court law of the land. No, actually, Judge Cabret defers and says that it's the Third Circuit that has adopted 402A as law for strict product liability in the Virgin Islands, and they mention Berger, I believe. There's several cases, but as a result – What about Martinez? Does that change your argument at all? It's a Virgin Islands Supreme Court case, which seems to say that the third restatement controls and not the second restatement. I'm not aware of that, Your Honor. I think I may have cited that in my brief, and that's a 2009 case? 2009, right. I believe in that case I cited for the proposition that the restatement second, 402A, is the law of the land here. Well, they talked about whether or not the restatement is only accepted if it reflects a majority rule, and that's not what Section 4 talks about. They don't talk about a majority rule. They just say the restatement. Your Honor, we don't even need to get to the restatements, a restatement third. The law in the Virgin Islands, and I think it's pretty clear if you look at Manboat and you look at all the other cases that were cited, is that, yes, and the reason for it is that we're a small jurisdiction. There's a lot of facts and areas that have not occurred in the Virgin Islands. So as a result of that, Guam, the Northern Marianas, and the Virgin Islands had adopted by statute the restatements because it provides a body of common law for us. But they also, when they adopted it in 1BIC Section 4, it said that there are times where we're going to have our own law, we're going to have our own case law, we're going to have our own statutes, and to the extent that that is different from the restatements, that's what we're going to apply. And since then, we have had instances where 402A has been adopted by the Third Circuit. Judge Cabret has said that, specifically Third Circuit. It's been applied numerous times by lower courts in the Virgin Islands as well, trial courts. And she specifically says, and other cases cited in my brief also say, that when 402A has been accepted by the Third Circuit, that is local law to the contrary. So really, you're not even necessarily looking at it as a restatement anymore. It's the law that we got from the restatement, but now it is the law of the land. So you don't go to restatement of torts third because we've got local law to the contrary. You don't even look at restatement third as a result of that. And that's why 402A is the law of the land. Some other questions were asked about, does that apply to lessors? Clearly, it does not. If you look at the language of 402A, it applies to sellers. We also know it because Section 408 of the Restatement Second of Torts talks about liability of lessors of chattels, and it's got a negligence standard. It would be entirely inconsistent for 402A of the Restatement Second and 408 of the Restatement Second to be contradictory like that. If 402A made the lessor of chattel strictly liable, why is 408 saying liability only applies when there's negligence? It doesn't do that. It would be a resource strictly liable if we adopt Mr. King's view whether under the second or if we were to adopt the third. I mean, speaking for myself, it is a bit of a – it's tough medicine. Let's go to his contention about adopting the third, which would mean he hit a home run. And it is a very difficult provision, I think, for lessors. Do you know of any jurisdiction that has adopted the third that has said this is good law? No, I don't, Your Honor. Do you know of any that has looked at it and rejected it? Well, you know, actually, in Judge Cabret's decision in Manboat, she does mention – I guess there were two decisions that mentioned the Restatement Third of Torts. And Judge Cabret specifically stated that in those cases, neither of the parties brought up the Restatement Third. It's something the court brought up, and it's just sort of in passing and mentioned it. So, you know, as far as applying that, I don't think they really did. They just sort of mentioned it. Now, the third doesn't just apply to automobiles, does it? No, no. If I rent a lawnmower or somebody in my family uses it, they can sue whoever I rented it from. Strict liability. That's correct. All right? And I agree with your comment earlier, Judge, that what is really the policy? What's the purpose of strict liability? Before strict liability, there was a requirement of contractual privity. And then we had McPherson v. Buick, which says that leaves a lot of people out of the loop. They're a passenger in the car. There's something wrong with the car. Since they didn't have a contract with the seller of the vehicle, they have no recourse. They're out of luck. So they changed that, and they changed it to – and it was incorporated in Restatement Second, 402A, to allow anybody, not just somebody that has privity, to go after the manufacturer and the sellers. And the rationale, as you mentioned as well, is, you know, who's better to – who can fix this problem? Who can prevent these problems? Who can prevent the manufacturing? Who can prevent the design defects? It's the manufacturer. In this instance, international rental and leasing is a locally owned franchise of budget rent-a-car. They have no ability to correct any design defects or any manufacturing defects. Yeah, but they do have the ability to correct mechanical defects. Now, I understand this is not necessarily a mechanical defect. It's not clear. You dispute – there's some dispute about what caused this because you said that the cylinder was tested, and it seemed to be okay. But let's assume, hypothetically, this was what I talked to Mr. King about, a bad disc or a bad disc on the drum or a bad brake pad. Isn't that exactly the kind of responsibility that has to go to the lessor? Because once it leaves the manufacturer, the manufacturer makes a car. It's got fine discs, fine pads. It puts it out there. Everybody knows that after 10, 15, however many miles of use on that car, the brake pads have to be replaced, and maybe the motors have to be machined. The manufacturer, you're not going to send it back to Detroit or wherever. I guess it's not Detroit anymore. You're not going to send it wherever the car was manufactured to have the rotors repaired. It's going to be the lessor who takes care of that. Why not make the lessor strictly liable because, in reality, that's the person who's charged with the overall day-to-day maintenance of that car. Absolutely. I think the lessor under those circumstances is responsible under negligence theory. If they are supposed to take care of that vehicle, they don't take care of it. They send it on the road, and as a result of them not taking care of it, someone gets injured. They are responsible. This is a brake booster. I don't even know what this thing is. I've never heard of it before. It's made to the firewall. It's not something you can even get to. The negligence claim has been dismissed by the court. It's not even being challenged. Plaintiff's own experts admit this is not a maintenance and repair item. It's not something that ever really happens. I flat out asked them, and this is cited in Judge Gomez's opinion. I asked the expert, was there any negligence? He says no. There's no negligence here. As a result, the rationale, strict liability is not absolute liability. There's defenses to it. You've got to show unreasonably dangerous. The rationale for imposing that against these certain people, number one is just to try to avoid them. By having 402 available, you've got a group of people that are third parties, no privity, they can bring this lawsuit. If the court determines that it's not going to extend 402A liability or strict liability against less source of vehicles, you're not depriving people riding in rental cars that didn't sign the contract from the ability to sue under strict liability. They just have to sue the manufacturer and they have to sue the sellers. The plaintiffs or the appellants have identified various jurisdictions that allegedly support the proposition that strict liability and tort claims can be brought against less source of vehicles. There's 22 jurisdictions that are mentioned there. A lot of those cases or several of those cases don't talk about 402A liability. They talk about just the common law of those particular jurisdictions. How about strict liability? Could the lessee, Mr. Barnabas, sue the renter on a breach of contract hearing if he had been the driver? Absolutely. He would have privity. He would have privity. He was the driver. He signed the contract. Now he has an accident. He can sue budget rental. He could. Absolutely. Now what I don't understand is why he has a right to sue. Now why couldn't the people that he puts in that car sue as well? All right. Let me add this context. He didn't rent a Mini Cooper. He rented a minivan. You know that he rented a vehicle that was designed for additional passengers. It should be reasonably expected that when he rented that vehicle, there would be other passengers in the car. However, under your theory, only Mr. Barnabas can sue. The other passengers cannot. When I say sue, I mean sue budget. That's correct. The reason for that is there's a difference between foreseeability and intended beneficiary of that contract. The cases that are cited, that's cited by Judge Gomez in his decision that we cite, talk about did the contract intend to benefit certain people. What I think the appellants are doing are mixing up foreseeability. Is it foreseeable there's going to be other people in that car? Absolutely it's foreseeable. But that's not the standard. As Judge McKee had mentioned, the fact that isn't that just an incidental beneficiary? We do a Section 216. A warranty extends to any person who may reasonably be expected to use the product. That's what it says, Your Honor. But the cases that interpret that say that that is the reasonability, whether it's reasonable to expect someone to be, is defined by contract. It's left to the parties. You're saying that's what it says. Can't we use plain language as a way to interpret the statute? Well, I don't think – no, I think it's arguably somewhat ambiguous, and I think that's the reason why courts have interpreted it as saying, no, we need to look at who are the intended beneficiaries. One reason, excuse me, is what if I get my – I let someone – I'm the authorized driver. I'm the only authorized driver. I let someone drive that is the worst driver in the world. If that person, the worst driver in the world, went up to the rental car company counter to rent that car, they'd look at their driver's license, it might be expired, whatever. They would never have rented that vehicle to that person. So, you know, there is a contract there. The contract is voided as a result of Mr. Barnum is allowing someone else to drive the vehicle. They were not, as a result of Mr. Barnum's allowing someone else to drive the vehicle, were not intended beneficiaries. The rental car companies have a right to determine who's going to rent it. To not rent it to people they don't believe are safe drivers, have a license. If the court were to say that anybody in a vehicle that was given the vehicle by an authorized driver, that would take away that right. And, you know, there are times when rental car companies decide not to rent to drivers because they don't have a valid license because they have a poor driving history. And so that – How do they ever know that? Do they have a license? I don't know of any jurisdiction that maybe they're out there. When you get points on your license, actually put the points on your license. And if you check with the Department of Motor Vehicles in that registration, you'll find out there are marks against the license. But when you go to rent a car, you just give them your credit card, give them your driver's license, you sign some forms that nobody takes the time to read, and you drive off in the car. You know, I can't profess to tell you whether they have the ability when they type in to access information as to driving history. I can't tell you that. I could tell you that, you know, I know that some jurisdictions will physically take your license away from you. So you might not have a license to present. Well, if you lose your license. That's right. Just points against your license are put on there. Right. As a practical matter, Judge, it's, again, there's a contract between Mr. Barnabas and Budget Rent-A-Car. Is it foreseeable that there will be people in a minivan other than Mr. Barnabas? Absolutely, it is. But are they intended beneficiaries under the circumstances? I don't believe so. If anything, I agree they would be incidental beneficiaries. But, again, I think what's going on here is that appellants are asking the court to change the law of the Virgin Islands. The law of the Virgin Islands is 402A because Third Circuit has adopted that law. It's been applied a number of times. And that is local law to the contrary. So there's not a – just because Restatement Third gets enacted, it doesn't go to the Restatement Third. We have local law to the contrary. It stops there. There are also written opinions that predict that the Supreme Court of State jurisdictions, if the question were presented to them, would adopt the Third Restatement, Sections 1 and 2 of the Third Restatement, and would adopt strict liability in those jurisdictions. That could be, Your Honor. But, again, I don't – Well, it is. It's true. It's just implicit or brave versus implicit or manufacturing. But I don't believe under these circumstances there's a compelling reason for the court to request that the now Supreme Court of the Virgin Islands to certify so that the Supreme Court of the Virgin Islands – because, again, the rationale for the application of 402A liability, strict liability against the lessors, does not exist in this instance because we're not going to be able to control the design and manufacture. That's a good argument. The problem with that argument, though, is that then the liability – the ability to bring a strict liability suit is on a – not case-by-case but part-by-part. So if you've got a brake cylinder such as this is, you can't bring strict liability against the lessor. If you've got brake pads, you can bring strict liability against the lessor. And you can't purse it up that way. So maybe this is not the right case to address that issue because of the nature of the part involved. But you can't really purse it up based upon the part of the car. I think that's a good point, Your Honor. But it doesn't – if the court determines that the lessor cannot be held responsible for strict liability and tort, you're not depriving any occupant of a rental vehicle from the right to bring a strict liability claim. They just have to sue the manufacturer. And I think we'll all agree that that is the party that is in the best position to fix any problems that may exist. And so as a result, I just don't think that there's a compelling – Let's go back to the nature of the problem. Maybe the problem with the brake booster, I think it's called. But what if the tires were bald? Again, the cause of the accident. Then the lessor is certainly responsible because they're the only ones that can control it. The question is – Will they be sued by the passenger? The passenger, certainly. There's no privity requirement as far as strict liability is concerned. Yeah, they could definitely – it sounds like that would be a negative. They could sue the lease- The lessor, yes. What I'm asking – Well, in that case, why doesn't the case just go forward and let them determine the cause of the accident? Well, Your Honor, right now I've got a summary judgment. I'd like to protect it and avoid having to go to trial. My client would fire me, I think. What I'm doing right now is trying to protect the decision of the district court. I think if ultimately – because there's no negligence and whatever, I think ultimately we'll still win in the matter if it does go forward. Anyway, I don't want to belittle or belabor any of this. Does the Court have any other questions? No. Thank you very much. Thank you. Thank you, Mr. Sanford. Just for a second. Sure. One more than a second. I think you saved some time. As long as I think it's fine, Mr. King. Yes. Your Honor, we have – the problem that we had factually in this case is that we were not able, because of the manner in which the accident occurred, the front-end collision and all of that, to definitively determine what was the cause of the collision itself. We have theories. We have theories that it was the brake booster. We don't have anything else because of the type of collision that it was. What does that leave us? That leaves us with the idea that, okay, if you're talking about strict liability and we have people coming down Rapune Hill screaming, I've got no brakes. I've got no brakes. Pull the brake. Pull the handbrake. Do this. Something happened to this vehicle during the process of operation which the passengers, the public, were not in control of. It happened and it caused a collision that occurred that caused severe injuries to at least one of these plaintiffs. The question becomes who should bear that loss? Under what theories should we present that loss? I didn't appeal the negligence issue with justifiable reason because I can't prove negligence. Whether it was negligence or whether it was not negligence, there was insufficient factual basis for me to put that to a jury. What we have before us, however, is a products liability claim which should have never been disposed of by way of summary judgment based upon strict liability. I should have been allowed to put this case to a jury to let them determine whether or not this was the type of accident that doesn't happen unless it's the presence of a defect. It's being argued on rebuttal, but it's not really rebuttal. Let me end by saying this. I thank Your Honors. I thank Your Honors because you have raised me to the level that I'm thinking about it even more. I believe that the Restatement 3rd, if it applies, provides the ample basis for the plaintiffs to proceed. I believe the Restatement 402A, if Your Honors take the interpretation that have been taken by courts in this circuit with respect to 402A, also provides that basis. As a practical matter, I'm like your daughter. I don't care which one you take, just as long as the plaintiffs are allowed to proceed. As long as you get your way. Thank you. Thank you very much, Mr. King and Mr. Stanford. Thank you very much for a very, very skillful argument, both of you. I take the matter under review.